3:06CV01594(AVC). 12/10/12. The plaintiff's motion preclude the testimony of the defendant's expert, Matthew Mckenzie, is denied without prejudice. If appropriate, the plaintiff may move to strike the expert's testimony at the time of trial. The second circuit has recognized that Federal Rule of Evidence 702 contains a "liberal standard of admissibility for expert opinions." Nimely v. City of N.Y., 414 F.3d 381, 395 (2d Cir. 2005). "Moreover, as noted in Daubert [v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993)], '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Ryan v. Nat. Union Fire Ins. Co. of Pittsburgh, PA, 2010 WL 2232670 (D. Conn. 2010) (quoting Daubert, 509 U.S. at 596). At the time of trial, the court can "ensure the reliability and relevancy" of the testimony and "make certain that [the] expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kunho Tire Co., Ltd. V. Carmichael, 526 U.S. 137, 152 (1999).

    So ordered.

                                        /s/
                              Alfred V. Covello, U.S.D.J.